WILEY H. CLIFTON ET AL., EXECUTORS, *v.* TURNER CLARK
ET AL.

1. COMPROMISE OF LITIGATION. *Attorney and client. Compensation.*

Where a controversy touching the probation of claims against the estate of a decedent was referred to auditors whose report, after much evidence had been introduced by the parties, allowed some of the claims and disallowed others, and the parties mutually agreed to and did acquiesce and consent to a confirmation of the report and payment was made accordingly, there was a compromise of the litigation within the meaning of a contract between one of the parties and his attorney providing for a lesser fee in case the litigation should be compromised than the sum agreed to be paid if it were prosecuted to judgment.

2. SAME. *Chancellor's finding. Equitable compensation.*

Where under the terms of a contract between a litigant and his attorney the fee of the attorney was to be equitably diminished from the maximum sum agreed to be paid should the suit be compromised, the findings of the chancellor as to what was equitable in the premises will not be reversed because the client settled more favorably with other attorneys for like services.

FROM the chancery court of Lee county.

HON. HENRY L. MULDROW, Chancellor.

Clark and others, composing the firm of Clark, Hood & Co., appellees and cross-appellants, were complainants in the court below; Clifton and others, executors, appellants and cross-appellees, were defendants there. From a decree partly favorable to defendants they appealed to the supreme court, and complainants prosecuted a cross-appeal.

The case was once before in the supreme court, and the decision then rendered is reported. *Clifton et al., Executors, v. Clark et al.*, 83 Miss., 446 (s. c., 36 So. Rep., 251).

Col. J. A. Blair, an attorney at Tupelo, Miss., died, and left a last will, and Clifton and Stribling, appellants, qualified as executors of the will. Clark and others, appellees, probated

a claim against the estate of Blair for $390.55, which was not paid, and they filed their bill in the chancery court against the executors to recover that claim.   The executors filed a cross-bill, claiming as an offset fees due by complainants to Blair for legal services rendered.   On final hearing first had in the court below the cross-bill was dismissed, and a final decree rendered against the executors for the amount of complainants' claim.   From that decree the executors appealed to the supreme court, where the decree was reversed, with direction to the chancellor to state an account between the parties, and to calculate the amount due by complainants to the estate of Col. Blair under a contract between Blair & Anderson and Clark and others, the present appellees.   See the previous report of the case. . The contract between Blair & Anderson and their clients contained the clause, quoted in the opinion of the court, looking to a diminution of their fee if the litigation should be · compromised.   Other facts are stated in the opinion.

*McWillie & Thompson,* for appellants and cross-appellees.

As strange as it may seem, the only question on this appeal is whether or not the litigation in which the contingent fee was contracted for was or was not compromised within the terms of the fee contract.

The facts are these beyond dispute or controversy : The litigation was bitterly and operosely contested and fought out until the claims sought to be probated were submitted to and determined by auditors.   The auditors reported allowing of the claims covered by the fee contract the sum of $26,469.45.   Both parties were dissatisfied, and for a time contemplated excepting to the report.   They, however, agreed that neither would except, and that the report should be confirmed by the court, and that the sum so found and reported should be paid and received, thus ending controversy.   The report of the auditors was confirmed and the sum found paid.   The whole idea of a compromise of the litigation rests on this, and nothing more.

What was done did not amount to a compromise of the litigation. It was rather an agreement (if agreement at all) to abide by and perform the result of the litigation then reached. If the parties had not conferred, but each had separately determined in their respective minds not to file exceptions to the report of the auditors, but to accept their findings, the same result would have followed.

If what was done was a compromise of anything, it was not a compromise of the litigation, but was rather a compromise of their respective objections to the result reached by the auditors.

A failure to appeal is not a compromising of litigation, nor is a failure to except to the report of auditors, even if both of the parties so fail. Certainly this is true where the failure of one is not attributable to the failure of the other. We cannot see that it makes any difference that the failure of each is attributable to the failure of the other. The auditors' findings were permitted to stand and to be enforced. How that which is permitted to stand and be enforced can reasonably be said to have been compromised, we do not understand. The result reached by the litigation was not compromised, but was enforced. A compromise implies the yielding of something by both of the parties. Neither in this case yielded anything from the result of the litigation. It cannot be, therefore, that the litigation was compromised, even if it be true that the dissatisfactions of the parties with the findings were mutually surrendered.

The following authorities show what is a compromise: Anderson's Law Dictionary, title Compromise; *Bellows* v. *Sowles,* 55 Vt., 391 (s. c., 45 Am. St. Rep., 621). This last cited case defines a compromise thus: "A compromise is the yielding of something by each of two parties, and can only exist when something is yielded by each party to it." See 45 Am. St. Rep., near bottom p. 623; *Foster* v. *Metts,* 55 Miss., 77, fourth line from bottom p. 82.

So far as concerns the claim of cross-appellants, that a greater

deduction should have been made from Col. Blair's fee than was made by the chancellor, and which is predicated of the fact that Allen & Robbins deducted one-third of their fee, there are two perfect answers:

First—The contract between Allen & Robbins and Clark and others is wholly different from the Blair & Anderson contract.

Second—Allen & Robbins might do what they pleased by way of yielding to even unjust demands of Clark and others, but they could not thereby bind Blair's executors, nor establish a precedent controlling upon the chancellor.

The same observations are applicable to the contract between Clark and others and W. D. Anderson, made after the death of Blair—Anderson's new contract. In both of these contracts, the one with Allen & Robbins and the one with Anderson, the word "compromise" is perhaps used in the sense of "settlement;" but whether it be so used or not, the fact that Allen & Robbins, on the one hand, and Anderson, on the other, consented to rasp down their fees, in no way affected the right of Blair's executors and in no way bound the chancellor to make the same deduction.

*Anderson & Long,* for appellees and cross-appellants.

The burden of proof was on the appellants of establishing the fee. It devolved on them to prove their case made by the cross-bill. The fee contract with Blair & Anderson is a part of the cross-bill. The burden was on the appellants to establish that there was no compromise of the claims on which the fee was based.

The chancery court in its decree found as a fact that there had been a compromise of the claims covered by the fee contract of Blair & Anderson, and also found as a fact that three-fourths of the contract fee was a reasonable and equitable fee to go to the estate of J. A. Blair for his services. These were not questions of law, but of fact; and in the supreme court the findings of the chancellor will be treated like the verdict of a jury, and will not be disturbed unless against the clear pre-

ponderance of the proof. *Stevens* v. *Magee*, 81 Miss., 644; *Derdeyn* v. *Donovan*, 81 Miss., 696. The presumption in favor of a decree includes, however, conclusion both of law and fact. *Partee* v. *Bedford*, 51 Miss., 84.

After the award of the auditors the testimony shows both sides were dissatisfied with their findings, and contemplated and were taking steps to take the matter to the chancery court, the contestants contending that the $26,469.45 ought not to have been allowed, and the contestees, that a very much larger amount should have been allowed. In this condition the matter was compromised by the contestants agreeing that the estate of R. C. Clark should pay the amount awarded by the auditors, thereby surrendering their contention theretofore made, and which they had contemplated to follow up in the chancery court and the supreme court if necessary, and the contestees on their part agreeing to accept the award of the auditors and surrender their claim to more than twice the amount awarded, which they had contended for before the auditors, and contemplated continuing such contention in the chancery court. If this was not a "yielding of something by each of two parties," we do not know what you would call it. The case of *Foster* v. *Metts*, 55 Miss., 77, has no application to the question here presented.

*Bellows* v. *Sowles*, 55 Vt., 391 (s. c., 45 Am. St. Rep., 621), holds that "a compromise is the yielding of something by each of two parties, and can only exist when something is yielded by each party to it." That is exactly what was done in the compromise of these claims.

The Blair & Anderson fee contract provides that in case the claims are compromised one-fourth shall be deducted from the fee and not more than one-half, "as may be equitable under the circumstances." Is it equitable for Blair's estate to get a larger per cent of his fee than Robbins and Anderson? It appears to us to be unconscionable and unequitable, in view of the state of this case, for Col. Blair's estate to get a larger per cent of the fee than his associate counsel.

The chancellor erred in reducing Blair's share in the fee only one-fourth on account of compromise. We believe that it should have been reduced as much as one-third. Of course we understand that the authorities we have cited holding that the decree of the chancellor will not be disturbed unless against the clear weight of evidence would apply with the same force against this contention as against that of the appellants were the evidence the same. However, it appears to us that the clear preponderance of proof shows that an equitable allowance to Blair's estate would be two-thirds of the contract fee.

TRULY, J., delivered the opinion of the court.

On the former appeal of this case it was reversed and remanded (83 Miss., 446; s. c., 36 South., 251), with direction to the chancellor to state an account between the parties and calculate the amount due by Clark, Hood & Co. to the estate of John A. Blair under the contract between Blair & Anderson and Clark, Hood & Co. That contract recites that Blair & Anderson were to receive a stated contingent fee for legal services to be rendered in and about matters mentioned therein, and contains this provision: "If said litigation is compromised in respect to said claim, then the parties of the second part (Blair & Anderson) agree to deduct not less than one-fourth nor more than one-half of the contingent fee as may be equitable under the circumstances." The chancellor decided that the litigation which Blair & Anderson had been employed to conduct had been by the parties compromised, and rendered a decree reducing the fee to which the estate of Blair was entitled by deducting one-fourth of the amount originally stipulated by the terms of the contract. From this decree the executors of Blair appeal, contending that there was in fact no compromise of the litigation, and therefore the fee should have been calculated at the full amount originally stated in the contract, and that the deduction was erroneous. Clark, Hood & Co. prosecute a cross-appeal, and insist that the finding of the chancellor that the litigation

was compromised was correct, but that the deduction of one-fourth was not "equitable under the circumstances," and that the fee should have been reduced by one-third.

The record, as presented upon the former appeal, and considered in connection with this, demonstrates the correctness of the conclusion of the chancellor in holding that the litigation between the parties was terminated by compromise. The suits never reached a final decision by any court, but after the report of the auditors of the chancery court, though both parties were dissatisfied therewith, they agreed to accept and abide by it as final, and a decree was entered in accordance with the compromise. By this agreement one side abandoned all contest as to the claims allowed by the auditors, while the other side ceased all attempt to enforce the collection of other claims to a very large amount, then pending, some of which, according to the testimony, their lawyers were reasonably certain of having allowed upon the presentation of the auditors' report to the chancery court. This arrangement was in every true sense a compromise within the meaning of the contract in question. This disposes of the contention of appellants adversely to their claim.

The contention of appellees (cross-appellants) presents a question of more difficulty. It is based on the fact that the counsel who continued the prosecution of the litigation after the death of Col. Blair upon the consummation of the compromise between the parties litigant reduced their contingent fee by a deduction of one-third, as being a settlement which was equitable under the circumstances. So it is urged, as this was their opinion of what constituted an equitable settlement, and as their testimony was the only positive proof that the chancellor had on which to base his conclusion on this point, that decree should have only allowed to the estate of Blair the same fee that other counsel claimed. But the answer to this argument is that in making a settlement of their individual and private business with their clients, these attorneys were dealing

strictly with their own, and had the power and an undoubted right to make such reduction as they thought advisable; but the chancellor was not confined to a consideration of this testimony, but had the whole record before him, and, in view of the vast amount of labor which had been bestowed by the attorneys on the preparation and prosecution of these claims, and considering the substantial benefit of this labor as shown by the award of the auditors, decided that a reduction of one-fourth, being the minimum amount stipulated by the contract, was just and equitable to all concerned. We see no sufficient grounds for disturbing his conclusion in the premises.

*The decree appealed from is affirmed both on direct and cross-appeal.*